## Case No. 4,572a.

### EVANS v. WHITE et al.

[Hempst. 296.] [1]

Superior Court, Territory of Arkansas. Feb., 1833.

Before YELL and CROSS, Judges.

CROSS, J. This case comes up on a writ of error to the Conway circuit court. An inspection of the record shows that the defendants in error commenced an action of debt against the plaintiff for the amount of a judgment rendered by the superior court

[1] [Reported by Samuel H. Hempstead, Esq.]

of Limestone county, in the state of Alabama. The defendant below, at the proper time, interposed the pleas: First, nul tiel record; second, former recovery; third, that plaintiff's intestate had no notice, and was never served with process in the original suit; and, fourth, nil debet; the three last of which were demurred to, and the demurrer sustained. Issue was taken on the first, and the cause submitted for trial. To the reading in evidence of the transcript of the record from Alabama, the plaintiff in error objected, which objection was overruled, and the same permitted to be read. A bill of exceptions was thereupon filed to the decision of the court allowing the transcript to be read, and judgment was given in favor of the defendant in error, for the sum of one hundred sixty-four dollars and seventy-eight cents, with interest on the same, at the rate of eight per cent. per annum, until paid. It also appears that by the laws of Alabama the legal rate of interest is fixed at eight per cent. per annum, and was at the time of the rendition of the original judgment by the superior court of Limestone county. Various errors have been assigned, the first of which is, that the transcript read in evidence was not authenticated in accordance with the laws of the United States on that subject; second, that the judgment gives prospective interest at a higher rate than is authorized by the laws of Arkansas; and, third, that the demurrer to the plea of former recovery was improperly overruled. These are the only errors urged in argument, and although there are others assigned, we deem it unnecessary to notice them.

In examining the authentication of the record from Alabama we concur in believing that the circuit court very properly allowed it to be read in evidence on the trial, as it is substantially in compliance with the provisions of the act of congress.

The second error assigned, involves a question that has been more than once decided by this court. In the case of Byrd v. Gasquet [Case No. 2,268a], after a careful and tedious investigation of the subject, the court held, that notwithstanding parties in controversy might stipulate for the payment of interest at the rate of ten per cent. per annum, yet on rendering judgment upon such contract, it would be error to allow prospective and accruing interest at the same rate after its rendition, and that by our statutory provisions on the subject, no greater or other rate of interest could be allowed on any judgment, than six per cent. per annum, whatever might have been the rate agreed upon in the original contract. This court, in the case alluded to, expressed the opinion that the judgment merges the contract so far as the question of interest is concerned, and that whatever accrues afterwards flows from it, under the sanction of the statute which fixes the rate on all judgments at six per cent. On the subject of interest, see Ter. Dig. 310.

: In the case before us, a judgment having been obtained in the state of Alabama, where the rate of interest, in all cases, is fixed at eight per cent., the lex loci ought to pervail in computing interest up to the time of rendering judgment here; after which the character of the claim being changed, our own statute applies. The allowance of interest, therefore, at the rate of eight per cent. after the rendition of judgment, was, we think, unauthorized and obviously at variance with the statute referred to.

The third and last error we shall notice, depends on the consequence given to the proceedings in the county court. We think it amounts to nothing more than a judgment of nonsuit, which never operates as a bar to a subsequent action for the same cause.

· On the ground that the court below has allowed interest at the rate of eight per cent. per annum prospectively, the judgment must be reversed and the cause remanded. Judgment reversed.